TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel:   718) 762-1324
Fax:   (718) 762-1342
*Attorney for the Plaintiff*

JUDGE BRODERICK



14 CV 10237

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————— X

Jie Yi Chen, *on behalf of himself and others similarly situated*

    Plaintiffs,
v.
EMPIRE EAST 34, INC.
d/b/a EAST PACIFIC PAN-ASIAN BISTRO,
HUI PING XIAO, "JOHN DOE" and
"JANE DOE."

    Defendants.
————————————————————— X

Case No:

**29 U.S.C. § 216(b)
COLLECTIVE
ACTION & F.R.C.P.
23 CLASS ACTION
COMPLAINT**

  Plaintiff Jie Yi Chen (hereafter referred to as "Plaintiff"), on behalf of himself and other similarly situated, by and through his attorney, Troy Law, PLLC, hereby bring this complaint against Defendants Empire East 34, Inc, d/b/a East Pacific Pan-Asian Bistro and Hui Ping Xiao, "John Doe," and "Jane Doe" (collectively as "Owner/ Operator Defendants") and alleges as follows:

## INTRODUCTION

1. This action is brought by Plaintiff, on his behalf, as well as other employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New York Labor Law (NYLL), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices

2. Upon information and belief, Defendants have willfully and intentionally committed

1

widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3. Defendants refused to record all of the time that Plaintiff and similarly situated employed by Corporate Defendants work or worked, including work done in excess of forty hours each week.

4. Upon information and belief, pursuant to this unlawful policy, pattern and/or practice, Defendants shave time from time records.

5. Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

6. Plaintiffs further allege pursuant to New York Labor Law § 650 *et seq.* and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) unpaid "spread of hours" premium for each day they worked ten (10) or more hours, (3) up to two thousand five hundred dollars ($2,500) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to two thousand five hundred dollars ($2,500) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred

percent after April 9, 2011 under NY Wage Theft Prevention Act; (6) 9% simple prejudgment interest provided by NYLL; (7) post-judgment interest; and (8) attorney's fees and costs.

## JURISDICTION AND VENUE

7. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

9. Plaintiff Jie Yi Chen ("Chen") was employed by Defendant Empire East 34, Inc. d/b/a East Pacific Pan-Asian Bistro located at 120 E. 34th Street, New York, NY 10016 as an oil wok.

## DEFENDANTS

*Corporate Defendant*

10. Defendant Empire East 34, Inc. d/b/a East Pacific Pan-Asian Bistro (hereinafter "East Pacific") is a domestic business corporation organized under the laws of the State of New York with a principal address at 120 E. 34th Street, New York, NY 10016.

11. Upon information and belief, Empire East 34, Inc. is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Empire East 34, Inc. purchased and handled goods moved in interstate commerce.

12. At all relevant times, the work performed by Plaintiff was directly essential to the business

operated by Empire East 34, Inc.

***Owner/ Operator Defendants***

13. Upon personal knowledge of Plaintiff Chen, two individuals determine the rates of pay, work schedule (including work hours and days off), work load and employment of all employees at East Pacific.

14. "John Doe," known as "Boss" to Plaintiff, works at the sushi bar.

15. Upon information and belief, the real name of "John Doe" is Jian Jiang.

16. "Jane Doe," the wife of "John Doe" is known as "Lady Boss" to Plaintiff, and works at the cashier.

17. Upon personal knowledge of Plaintiff, John Doe and Jane Doe act intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Ichiro Restaurant.

18. Upon information and belief, Hui Ping Xiao is the Chief Executive Officer of Empire East 34, Inc. d/b/a East Pacific Pan-Asian Bistro and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with East Pacific.

19. Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or condition have been waived.

## STATEMENT OF FACTS

20. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

21. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully overtime compensation of one and one half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

22. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

23. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

24. At all relevant times, Defendants required Plaintiff to sign papers that state that he works only for nine (9) hours a day when in fact he worked eleven and a half (11.5) hours a day.

25. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations.

26. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

27. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over 10 hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

28. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

***Plaintiff Jie Yi Chen***

29. On or about November 12, 2013, Plaintiff Jie Yi Chen was hired by Defendants to work the

oil wok at Empire Pacific located at 120 E. 34th Street, New York, NY 10016.

30. His duties include frying tempura (vegetable, shrimp, and chicken) and various Asian dishes offered at East Pacific.

31. Between November 12, 2013 and December 15, 2014, Chen worked from around 11:00-22:30 for around eleven and a half (11.5) hours a day, six (6) days a week, with one day off.

32. During this period, Chen worked more than sixty nine (69) hours each workweek.

33. At all relevant times, Chen was not given a fixed time for lunch or dinner. He has approximately five minutes to eat while on duty.

34. At all relevant times, Chen was paid a flat fee of two thousand seven hundred dollars ($2700) each month.

35. Chen was not compensated at least at one-and-one-half of the minimum wage or his calculated hourly wage, whichever is greater, for all hours worked above forty (40) in each workweek.

36. Chen was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt deliverymen, servers, busboys, and kitchen staff who have been or were employed by the Defendants for up to last six (6) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings his NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants at Empire Pacific on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

39. All said persons, including Plaintiff, are referred to herein as the "Class."

40. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

*Numerosity*

41. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

42. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendant employed Plaintiff and the Class within the meaning of the New York law;

    b. Whether Plaintiff and Class members are entitled to overtime under the New

York Labor Law;

 c. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class spread-of-hours pay as required by the NYLL;

 d. Whether Defendants maintained policy, pattern and/or practice of failing to provide requisite statutory meal periods;

 e. Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or or timely thereafter;

 f. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work;

***Typicality***

43. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

***Adequacy***

44. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced

and competent representing plaintiffs in both class action and wage and hour employment litigation cases.

*Superiority*

45. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class

action.

46. Upon information and belief, defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIM

### COUNT I
### [Violations of the Fair Labor Standards Act—Overtime Wage Brought on behalf of the Plaintiffs and the FLSA Collective]

47. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

48. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

49. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

50. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

51. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

52. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

53. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

54. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II
### [Violation of New York Labor Law—Overtime Pay]

55. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

56. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) before April 9, 2011 and one hundred percent (100%) under NY Wage Theft Prevention Act, and interest.

57. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one half times the hourly rate the Plaintiff and the class are entitled to.

58. Defendant' failure to pay Plaintiff his overtime pay violated the NYLL.

59. Defendants' failure to pay Plaintiff was not in good faith.

## COUNT III
### [Violation of New York Labor Law—Spread of Time Pay]

60. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

61. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, *et seq.*, and §§650, *et seq.*, and New York State Department of Labor regulations §146-1.6.

62. Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

## COUNT IV
### [Violation of New York Labor Law—Failure to Provide Meal Periods]

63. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

64. The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p m. and 6 a.m. NYLL§ 162.

65. Defendants failed to provide meal periods required by NYLL §162 for every day that Plaintiff and the Rule 23 class work or worked.

66. Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

67. Defendants' failure to provide the meal periods required by NYLL §162 was not in good faith.

## COUNT V
### [Violation of New York Labor Law—Record-Keeping Requirements]

68. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

69. Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by NYRR § 146-2.1.

70. In fact, Defendants required Plaintiff and similarly situated employee to sign paper stating false hours worked.

71. As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

72. Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs in order to facilitate their exploitation of Plaintiffs' labor.

73. Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff was not in good faith.

## COUNT VI

**[Violation of New York Labor Law—Time of Hire Wage Notice Requirement]**

74. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

75. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

76. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

77. Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to each Plaintiff even after the fact.

78. Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workweek that the violation occurred or continued to occur, up to $2,500, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VII
**[Violation of New York Labor Law—New York Pay Stub Requirement]**

79. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

14

80. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

81. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiff's payday.

82. Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $100 for each workweek of the violation, up to $2,500 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual

Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e) An injunction against Corporate Defendants that do business as East Pacific, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid overtime wages due under FLSA and New York Labor Law due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, overtime compensation pursuant to 29 U.S.C. §216;

h) up to two thousand five hundred dollars ($2,500) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

i) up to two thousand five hundred dollars ($2,500) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j) An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

k) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

l) The cost and disbursements of this action;

m) An award of prejudgment and post-judgment fees;

n) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

o) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
December 31, 2014

TROY LAW, PLLC
*Attorneys for Plaintiffs*

John Troy (JT0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Fax: (718) 762-1342
Email: johntroy@pllc.com

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of DEFENDANT(S), EMPLOYER

EAST PACIFIC

to pay me overtime wages and/or minimum wages as required under state and/or federal law including the Fair Labor Standards Act and also authorize the filing of this consent in the action(s) challenging such conduct.

CHEN JIE YI

PARTY PLAINTIFF

Signature

Date