UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JIE YI CHEN, SHIQIANG GAO and JIAN WU,    Civil Action No. 14-cv-10237 (VSB)(SN)
on behalf of themselves and others similarly
situated,

                         Plaintiffs,

    -against-

EMPIRE EAST 34, INC. d/b/a EAST PACIFIC
PAN-ASIAN BISTRO, HUI PING XIAO,
"JOHN DOE" and "JANE DOE",

                         Defendants.
_____

### SETTLEMENT AGREEMENT AND GENERAL RELEASE

       This Settlement Agreement and General Release ("Settlement Agreement") is made this ____ day of May, 2016 by and between EMPIRE EAST 34, INC. d/b/a EAST PACIFIC PAN-ASIAN BISTRO, HUI PING XIAO a/k/a "JANE DOE", and QIU QIANG JIANG a/k/a "JOHN DOE" ("Defendants"), and JIE YI CHEN, SHIQIANG GAO, and JIAN WU ("Plaintiffs"), collectively referred to as the "Parties".

       WHEREAS, Plaintiffs were employed by Defendants;

       WHEREAS, a genuine dispute has arisen regarding Plaintiffs' employment and the terms thereof, which dispute has resulted in the filing of the above-captioned action in the United States District Court for the Southern District of New York, Civil Action No. 14-cv-10237 (VSB)(SN), alleging, among other things, violations of the Fair Labor Standards Act and the New York Labor Law (the "Litigation");

       WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws and do not admit to any wrongdoing;

       WHEREAS, the Parties desire to resolve all disputes between them without the necessity of further litigation;

       **NOW, THEREFORE,** in consideration of the promises and undertakings set forth in this Settlement Agreement, the Parties covenant and agree as follows:

1.  <u>Settlement Payment</u>.  Defendants shall pay a total of $125,000 ("Settlement Payment") to Plaintiffs according to the following schedule: (a) one (1) payment of $40,000 within ten (10) days of the full execution of this Settlement Agreement ("Effective Date"); (b) one (1) payment of $35,000 within ninety (90) days of the Effective Date; (c) one (1) payment of $5,000 within one hundred twenty (120) days of the Effective Date; and (d) fifteen (15) consecutive installment payments of $3,000 on the 1st of each month, commencing the month following payment as described in subsection (c).  Each payment shall be made payable to Plaintiffs' counsel, "Troy Law, PLLC, Escrow Account" and delivered to 41-25 Kissena Boulevard, Suite 119, Flushing, New York 11355.

The Settlement Payment shall be in full satisfaction of Plaintiffs' claims for unpaid minimum wage, unpaid overtime pay, unpaid spread of hours pay, and all other wage-related claims, as well as state and federal liquidated damages and attorneys' fees.

2.  <u>Dismissal of the Litigation</u>.  Within fifteen (15) days of Defendants' first payment as described in Paragraph 1, subsection (a) of this Settlement Agreement, the Parties shall file a Stipulation of Dismissal.  <u>See</u>, form of Stipulation attached herewith as Exhibit A.

- <u>Default</u>.  Should Defendants miss a payment, Plaintiffs are to notify Defendants within fifteen (15) days.  Defendants shall have fifteen (15) days after the notification is received to remit payment to Plaintiffs.  Should Defendants fail to make the full installment payment within those fifteen (15) days, Defendants hereby expressly authorize the entry of Confessions of Judgment in the amount of $125,000, less payments already made, without further notice in favor of Plaintiffs.  Said Confessions of Judgment are attached herewith as Exhibits B-1, B-2, and B-3.

3.  <u>Mutual Releases</u>.  In consideration of the terms of this Settlement Agreement and for the agreement of Defendants to enter into this Settlement Agreement, Plaintiffs waive and hereby release and discharge Defendants from all liability to them arising out of or relating to their employment with Defendants prior to the date of their execution of this Settlement Agreement, the way they were treated during the course of their employment by Defendants, the compensation paid to them for work performed during their employment by Defendants, the termination of their employment, and any overtime, minimum wage, "spread of hours," or other compensation that Plaintiffs contend they earned while employed by Defendants but did not receive, including without limitation: **(i)** all liability for any acts prior to the date of this Settlement Agreement that violated or may have violated Plaintiffs' rights under any contract, tort, or other common law theory of recovery, any federal, state, or local fair employment practices, fair labor standards, payment of wages, or civil rights law or regulation, any employee relations statute, executive order, law, regulation, wage order, or ordinance, or any other duty or obligation of any kind, including but not limited to rights created by the Fair Labor Standards Act, the New York Labor Law, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Americans with

Disabilities Act, the Family-Medical Leave Act of 1993, 42 U.S.C. § 1981, the New York State Human Rights Act, the New York City Human Rights Law, the New York State Wage Theft Prevention Law, and all other laws of any kind or nature that pertain to the legal relations between employers and employees; **(ii)** all liability, asserted or unasserted, known or unknown, suspected or unsuspected, which was or may have been alleged against or imputed to Defendants by Plaintiffs or anyone acting on Plaintiffs' behalf up to the date of this Settlement Agreement; **(iii)** all asserted and unasserted rights to and claims for wages, minimum wages, overtime compensation, gratuities, commissions, monetary and equitable relief, employment or re-employment with Defendants in any position, and compensatory, punitive, or liquidated damages or penalty payments; and **(iv)** all asserted and unasserted rights to and claims for attorneys' fees and costs, whether pursuant to 29 U.S.C. § 216, 42 U.S.C. § 1988, Section 198 or any other provision of the New York Labor Law, or any other federal, state, or local statute, regulation, or judicial precedent that shifts to the employer responsibility for payment of attorneys' fees, costs, and disbursements in litigation of any kind arising from the employment relationship or the workplace.

If there is presently pending any judicial or administrative proceeding arising out of or relating to Plaintiffs' employment with Defendants, the termination of their employment, the way they were treated while employed by Defendants, or the compensation paid to them while they were employed by Defendants prior to the date of this Settlement Agreement that was commenced by Plaintiffs or any person acting or purporting to act on Plaintiffs' behalf, or if in the future such a proceeding is commenced by Plaintiffs or any person acting or purporting to act on their behalf (including without limitation any class representative in a private action and the United States Department of Labor, the New York State Department of Labor, and the Office of the Attorney General of the State of New York), Plaintiffs shall notify Defendants within 15 days of the pendency of such proceeding and withdraw it with prejudice; further, they shall refrain from obtaining or accepting any relief or recovery therefrom, and if they receive such relief or recovery, they shall pay it over to Defendants within 15 days without demand therefor from Defendants.

4. <u>Breach of this Settlement Agreement</u>. The Parties acknowledge and agree that, in the event of a breach of any of the terms or provisions of this Settlement Agreement, nothing in this Settlement Agreement shall be construed to preclude or limit any party from filing a lawsuit for the purpose of enforcing their rights under this Settlement Agreement.

5. <u>Consultation with Counsel</u>. The Parties have read and understand the terms of this Settlement Agreement, have consulted with their respective counsel, and understand and acknowledge the significance and consequences of each such term. The Parties further represent that their respective counsel have translated this Settlement Agreement from English to their native language.

6. <u>Entire Settlement Agreement</u>. This Settlement Agreement represents the entire agreement and understanding between the Parties. This Settlement Agreement may not be modified or canceled in any manner except by a writing signed by all of the Parties to this Settlement Agreement.

3

7. <u>Confidentiality</u>. For and in consideration of the payments, promises, and other consideration described in this Settlement Agreement, and as a further material inducement to enter into this Settlement Agreement, the Parties agree that, from the Effective Date and after, they will keep confidential and otherwise not disclose to any person or entity the terms of this Settlement Agreement or any of the events or allegations that were the subject matter of the Litigation, except as specifically provided herein. The Parties represent that they have kept confidential and have not disclosed to any person or entity the terms of this Settlement Agreement since the parties orally agreed to settle the Litigation.

8. <u>Non-disparagement</u>. The Parties shall not, directly or indirectly, disparage, defame, or otherwise harm the interests of the other party, including the goodwill and reputation of the Parties. The Parties agree that a breach of this Paragraph would cause irrevocable harm to the other party, incapable of full compensation by the award of money damages. Any aggrieved party shall, therefore, be entitled to injunctive and/or equitable relief (without the necessity of proving any actual damage or that monetary damage would not afford an adequate remedy) for any violation of this Paragraph, in addition to any monetary damages the aggrieved party can substantiate.

9. <u>Tax, Legal, or Accounting Implications</u>. The Parties acknowledge and agree that they are responsible for and assume any and all of their own federal, state, and/or local tax obligations or consequences that may arise from this Settlement Agreement. The Parties agree that they will not seek indemnification from the other with respect thereto. The Parties acknowledge that they understand that this Settlement Agreement may result in taxable income to Plaintiffs under applicable federal, state, and/or local income tax laws, and that Defendants will be fulfilling all of their tax reporting obligations with respect to all identified payments.

10. <u>Waiver</u>. A waiver by any party of a breach of any of the provisions of this Settlement Agreement shall not operate or be construed as a waiver of any other provision of this Settlement Agreement.

11. <u>Authority</u>. The Parties each represent and warrant that the person executing this Settlement Agreement on their behalf is fully authorized to do so, and that such person has the authority to bind them, and all who may claim through them, to the terms and conditions set forth in this Settlement Agreement.

12. <u>Construction</u>. This Settlement Agreement shall be construed equally as between the Parties hereto, and shall not be construed for or against any party because that party's legal representative may have drafted the Settlement Agreement or any part thereof.

13. <u>Severability</u>. If any provision of this Settlement Agreement is found to be unenforceable, all other provisions shall be severed and remain fully enforceable.

14. **Effective Date.** The Effective Date of this Settlement Agreement shall be the date upon which the last of the signatures below shall have been executed.

15. **Controlling Law.** This Settlement Agreement shall be construed and enforced in accordance with the laws of the State of New York without regard to choice of law principles.

16. **Binding Effect.** This Settlement Agreement shall be binding on and inure to the benefit of the Parties and their respective successors, assigns, agents, employees, officers, officials, directors and stockholders.

17. **Counterparts.** This Settlement Agreement may be executed in counterparts, and each counterpart shall have the same force and effect as an original and shall constitute an effective, binding agreement on the part of each of the undersigned. The Parties further agree that electronic and facsimile copies of this Settlement Agreement shall be considered to be the equivalent to original copies of this Settlement Agreement.

18. **Attorneys' Fees.** Should legal action be necessary to enforce or interpret the terms of this Settlement Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs incurred in such litigation.

**Defendants:**

**HUI PING XIAO a/k/a "JANE DOE"**

_[signature]_

Date: 05/06/16

**QIU QIANG JIANG a/k/a "JOHN DOE"**

_Qiu Qing Jiang_

Date: 05/06/16

**EMPIRE EAST 34, INC. d/b/a EAST PACIFIC PAN-ASIAN BISTRO**

By: _[signature]_

Name: Hui Ping Xiao

Title: Owner

Date: 05/06/16

**Plaintiffs:**

**JIE YI CHEN**

_____

Date: _____

**SHIQIANG GAO**

_____

Date: _____

**JIAN WU**

_____

Date: _____

5

15. <u>Controlling Law</u>. This Settlement Agreement shall be construed and enforced in accordance with the laws of the State of New York without regard to choice of law principles.

16. <u>Binding Effect</u>. This Settlement Agreement shall be binding on and inure to the benefit of the Parties and their respective successors, assigns, agents, employees, officers, officials, directors and stockholders.

17. <u>Counterparts</u>. This Settlement Agreement may be executed in counterparts, and each counterpart shall have the same force and effect as an original and shall constitute an effective, binding agreement on the part of each of the undersigned. The Parties further agree that electronic and facsimile copies of this Settlement Agreement shall be considered to be the equivalent to original copies of this Settlement Agreement.

18. <u>Attorneys' Fees</u>. Should legal action be necessary to enforce or interpret the terms of this Settlement Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs incurred in such litigation.

**Defendants:**

**HUI PING XIAO a/k/a "JANE DOE"**

_____

Date: _____

**QIU QIANG JIANG a/k/a "JOHN DOE"**

_____

Date: _____

**EMPIRE EAST 34, INC. d/b/a EAST PACIFIC PAN-ASIAN BISTRO**

By: _____

Name: _____

**Plaintiffs:**

**JIE YI CHEN**

_Jie Yi chen_

Date: 05/06/2016

**SHIQIANG GAO**

_Shi Qiang Gao_

Date: 05/19/2016

**JIAN WU**

_JIAN WU_

Date: 05/09/2016

5

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JIE YI CHEN, SHIQIANG GAO and JIAN WU, on behalf of themselves and others similarly situated, | Civil Action No. 14-cv-10237 (VSB)(SN) |
| Plaintiffs, | **STIPULATION OF DISMISSAL** |
| -against- | |
| EMPIRE EAST 34, INC. d/b/a EAST PACIFIC PAN-ASIAN BISTRO, HUI PING XIAO, "JOHN DOE" and "JANE DOE", | |
| Defendants. | |

---

IT IS HEREBY STIPULATED AND AGREED, by and between the parties to the above captioned matter, that the claims of Plaintiffs are hereby dismissed with prejudice in their entirety as against Defendants pursuant to Fed. R. Civ. P. 41(a)(1)(ii). The United States District Court for the Southern District of New York shall retain jurisdiction to enforce the parties' Settlement Agreement.

This Stipulation may be executed in counterparts, and that a facsimile copy of this Stipulation has the same force and effect as an original.

Dated: New York, New York
       May 6 , 2016

| | |
|---|---|
| John Troy, Esq. | Michael J. Campise, Esq. |
| Troy & Associates, PLLC | Cuccia & Campise, PLLC |
| 41-25 Kissena Boulevard, Suite 119 | 100 Lafayette Street, Suite 201 |
| Flushing, New York 11355 | New York, New York 10013 |
| Tel.: (718) 762-1324 | Tel.: (212) 966-7775 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JIE YI CHEN, SHIQIANG GAO and JIAN WU, on behalf of themselves and others similarly situated,

                Plaintiffs,

-against-

EMPIRE EAST 34, INC. d/b/a EAST PACIFIC PAN-ASIAN BISTRO, HUI PING XIAO, "JOHN DOE" and "JANE DOE",

                Defendants.

Civil Action No. 14-cv-10237 (VSB)(SN)

**STIPULATION OF DISMISSAL**

---

IT IS HEREBY STIPULATED AND AGREED, by and between the parties to the above captioned matter, that the claims of Plaintiffs are hereby dismissed with prejudice in their entirety as against Defendants pursuant to Fed. R. Civ. P. 41(a)(1)(ii). The United States District Court for the Southern District of New York shall retain jurisdiction to enforce the parties' Settlement Agreement.

This Stipulation may be executed in counterparts, and that a facsimile copy of this Stipulation has the same force and effect as an original.

Dated: New York, New York
       May ____, 2016

| | |
|---|---|
| _____<br>John Troy, Esq.<br>Troy Law, PLLC<br>41-25 Kissena Boulevard, Suite 119<br>Flushing, New York 11355<br>Tel.: (718) 762-1324<br>*Attorneys for Plaintiffs* | /s/ Michael J. Campise<br>Michael J. Campise, Esq.<br>Cuccia & Campise, PLLC<br>100 Lafayette Street, Suite 201<br>New York, New York 10013<br>Tel.: (212) 966-7775<br>*Attorneys for Defendants* |

**EXHIBIT B-1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JIE YI CHEN, SHIQIANG GAO and JIAN WU, on behalf of themselves and others similarly situated,

                Plaintiffs,

-against-

EMPIRE EAST 34, INC. d/b/a EAST PACIFIC PAN-ASIAN BISTRO, HUI PING XIAO, "JOHN DOE" and "JANE DOE",

                Defendants.

Civil Action No. 14-cv-10237 (VSB)(SN)

**CONFESSION OF JUDGMENT**

---

STATE OF NEW YORK    )
                                ) ss:
COUNTY OF NEW YORK  )

Hui Ping Xiao, being duly sworn, deposes and says the following:

1. That I am one of the defendants in the above-entitled action and I am a resident of the State of New York, County of Kings.

2. That I was the manager and employer of Plaintiffs, and that Plaintiffs allege that they were not paid all wages required to be paid to such employees pursuant to the Fair Labor Standards Act and New York Labor Law.

3. That I have entered into a Settlement Agreement and General Release with Plaintiffs on May ____, 2016. The terms of said Settlement Agreement and General Release are expressly incorporated herein.

4. That I hereby confess that the sum of $_____, which represents the amount of $125,000 to which the parties previously agreed in the Settlement Agreement and General Release, less the amount of $_____ for the payments already made, is thereby due and owing to Plaintiffs and authorize Plaintiffs to enter judgment against me, without further notice, pursuant to Section 3218 of the Civil Practice Law and Rules of the State of New York and Fed R. Civ. P. 54, 55, and 68, in the event of my failure to comply with Paragraph 1 of the aforementioned Settlement Agreement and General Release, in the County of Kings in the State of New York, or in any other county, state, or other jurisdiction in which I may reside or have an office for the transaction of business at the time of such entry.

                                                                _____
                                                                Hui Ping Xiao

Sworn to before me this
6 day of May, 2016

_____
Notary Public

JIEYA JULIE LEUNG
Notary Public, State of New York
No. 01LE6229717
Qualified in Kings County
Commission Expires Oct. 18, 2018

**EXHIBIT B-2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JIE YI CHEN, SHIQIANG GAO and JIAN WU, on behalf of themselves and others similarly situated,

Civil Action No. 14-cv-10237 (VSB)(SN)

    Plaintiffs,

**CONFESSION OF JUDGMENT**

 -against-

EMPIRE EAST 34, INC. d/b/a EAST PACIFIC PAN-ASIAN BISTRO, HUI PING XIAO, "JOHN DOE" and "JANE DOE",

    Defendants.

---

STATE OF NEW YORK )
        ) ss:
COUNTY OF NEW YORK )

 Qiu Qiang Jiang, being duly sworn, deposes and says the following:

 1. That I am one of the defendants ("John Doe") in the above-entitled action and I am a resident of the State of New York, County of Kings.

 2. That I was the manager of Plaintiffs, and that Plaintiffs allege that they were not paid all wages required to be paid to such employees pursuant to the Fair Labor Standards Act and New York Labor Law.

 3. That I have entered into a Settlement Agreement and General Release with Plaintiffs on May ____, 2016. The terms of said Settlement Agreement and General Release are expressly incorporated herein.

 4. That I hereby confess that the sum of $_____, which represents the amount of $125,000 to which the parties previously agreed in the Settlement Agreement and General Release, less the amount of $_____ for the payments already made, is thereby due and owing to Plaintiffs and authorize Plaintiffs to enter judgment against me, without further notice, pursuant to Section 3218 of the Civil Practice Law and Rules of the State of New York and Fed R. Civ. P. 54, 55, and 68, in the event of my failure to comply with Paragraph 1 of the aforementioned Settlement Agreement and General Release, in the County of Kings in the State of New York, or in any other county, state, or other jurisdiction in which I may reside or have an office for the transaction of business at the time of such entry.

_____
Qiu Qiang Jiang

Sworn to before me this
6 day of May, 2016

_____
Notary Public

JIEYA JULIE LEUNG
Notary Public, State of New York
No. 01LE6229717
Qualified in Kings County
Commission Expires Oct. 18, 2018

**EXHIBIT B-3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JIE YI CHEN, SHIQIANG GAO and JIAN WU,  Civil Action No. 14-cv-10237 (VSB)(SN)
on behalf of themselves and others similarly
situated,

                Plaintiffs,

                                   **CONFESSION OF JUDGMENT**

   -against-

EMPIRE EAST 34, INC. d/b/a EAST PACIFIC
PAN-ASIAN BISTRO, HUI PING XIAO,
"JOHN DOE" and "JANE DOE",

                Defendants.
_____

STATE OF NEW YORK     )
                                  ) ss:
COUNTY OF NEW YORK )

       Hui Ping Xiao, being duly sworn, deposes and says the following:

       1. That Empire East 34, Inc. d/b/a East Pacific Pan-Asian Bistro is a defendant in the above referenced matter; that I am owner of Empire East 34, Inc. d/b/a East Pacific Pan-Asian Bistro, a corporation duly organized under the laws of the State of New York, and I am duly authorized to make this confession on behalf of Empire East 34, Inc. d/b/a East Pacific Pan-Asian Bistro.

       2. That Plaintiffs were employees of Empire East 34, Inc. d/b/a East Pacific Pan-Asian Bistro, and that Plaintiffs allege that they were not paid all wages required to be paid to such employees pursuant to the Fair Labor Standards Act and New York Labor Law.

       3. That I, on behalf of Empire East 34, Inc. d/b/a East Pacific Pan-Asian Bistro, have entered into a Settlement Agreement and General Release with Plaintiffs on May ____, 2016. The terms of said Settlement Agreement and General Release are expressly incorporated herein.

       4. That Empire East 34, Inc. d/b/a East Pacific Pan-Asian Bistro hereby confesses that the sum of $_____, which represents the amount of $125,000 to which the parties previously agreed in the Settlement Agreement and General Release, less the amount of $_____ for the payments already made, is thereby due and owing to Plaintiffs and authorizes Plaintiffs to enter judgment against it, without further notice, pursuant to Section 3218 of the Civil Practice Law and Rules of the State of New York and Fed R. Civ. P. 54, 55, and 68, in the event of its failure to comply with Paragraph 1 of the aforementioned Settlement Agreement and General Release, in the County of New York in the State of New York.

                                                                     _____
Sworn to before me this                           Hui Ping Xiao on behalf of Empire East 34, Inc.
_6_ day of _May_, 2016                        d/b/a East Pacific Pan-Asian Bistro
_____
    Notary Public

JIEYA JULIE LEUNG
Notary Public, State of New York
No. 01LE6229717
Qualified in Kings County
Commission Expires Oct. 18, 20_18_